FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MORRIS BRUCE JACKSON,<br><br>　　　　　Defendant. | No. 1:19-CR-02039-SMJ-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SET CONDITIONS OF RELEASE<br><br>**ECF No. 43** |

Before the Court is Defendant's Motion for Pretrial Release Conditions (ECF No. 43), which the Court construes as a Motion to Reopen Detention Hearing to Consider Conditions of Release. The United States opposes the Motion. On January 21, 2020, the Court conducted a detention hearing to consider the proffers and arguments of counsel. 18 U.S.C. § 3142(f). Defendant appeared, in custody, with court-appointed counsel Kenneth Therrien and Elijah Marchbanks. Assistant United States Attorney Richard Burson represented the United States.

Because Defendant previously waived his right to a detention hearing (ECF No. 12), the Court treated the proceedings as an initial detention hearing. The

ORDER - 1

Court has considered the arguments and proffers by the parties, the briefing ECF Nos. 43, 49, and the post-pretrial services report, ECF No. 13. The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions of release that will reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's continued detention.

As to the nature and circumstances of the offense, Defendant is charged with being a felon in possession of a firearm. The United States proffered that on June 8, 2019, law enforcement responded to an incident where five individuals were shot and killed, and two additional victims were wounded. It was proffered that Defendant was present during the incident and that he and others, fled the scene in a stolen vehicle; the stolen vehicle broke down less than 10 miles from the scene; Defendant armed himself with a stolen firearm and fled the vehicle on foot; Defendant was discovered by law enforcement in a field and the firearm was discovered close to Defendant in a canal. It was proffered that a witness observed Defendant discard the firearm into the canal and that Defendant himself was "wet

and dirty" as if having been in a canal, upon apprehension. The nature and circumstances surrounding the alleged offense are extremely serious and are indicative of a risk of nonappearance and danger to the community as they include allegations of Defendant fleeing from a homicide scene with a stolen firearm while under the influence of alcohol and marijuana. Additionally, Defendant has been made aware that more serious charges may be filed against him by the United States; this constitutes a further incentive for him to fail to appear at future proceedings.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. However, based on the United States' proffer, the strength of the evidence appears to be sufficiently strong to give the Court concern as to dangerousness and risk of nonappearance. The United States proffered that a witness was present during the apprehension of Defendant and that the witness identified Defendant and will testify to their observation of Defendant with the firearm. Moreover, it was proffered that Defendant made admissions regarding substance abuse, as well as his presence at the scene of the underlying homicides.

Turning to his history and characteristics, Defendant is 40 years old and was born in White Salmon, Washington. Apart from these facts, the Court lacks any verified information regarding Defendant's history and characteristics, including

his employment history, family background, contacts in the community, prior residential history, education, and financial resources. In regard to his criminal history, the Court notes that Defendant has had significant contacts with the criminal justice system dating back to when he was 14 years old. He has two convictions for second degree assault (1996, 2002) and has a pending fourth degree assault charge in East Klickitat County (April 2019). Additionally, he has been previously charged (though charges were dismissed) with eluding police (2007, 2011), which is particularly concerning to the Court given the instant allegation that he fled law enforcement. He has extensive documented non-compliance with Probation and has had his Probation revoked and terminated (2006, 2010) for non-compliance. Moreover, he has failed to appear numerous times, including as recent as May 2019 on the pending assault charge, for which there is an outstanding arrest warrant. The Court notes that the instant federal offense arose while Defendant was on pretrial release from this state assault charge. Defendant's criminal history and prior conduct on supervision give the Court little assurance that he will abide by any conditions it would set or continue to appear for court proceedings.

While the Court appreciates that there are individuals willing to support Defendant if he were to be released, based on the seriousness of his criminal history, the lack of verified information regarding his history and characteristics,

and the nature and circumstances of the offense alleged, the Court finds that the release plan does not mitigate its concerns regarding risk of nonappearance and potential danger to the community.

On balance, the Court finds by a preponderance of the evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required, and furthermore by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

**IT IS HEREBY ORDERED:**

1. The Motion to Reopen Detention Hearing (**ECF No. 43**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED January 22, 2020.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5