FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MORRIS BRUCE JACKSON,<br><br>Defendant. | No. 1:19-CR-02039-SMJ-1<br><br>ORDER FOLLOWING PRETRIAL RELEASE REVOCATION HEARING AND REVOKING DEFENDANT'S PRETRIAL RELEASE |

On Wednesday, May 12, 2021, Defendant appeared for a pretrial release revocation hearing for pretrial release violations reported in a Petition dated April 14, 2021 (ECF No. 79, violation 1), April 23, 2021, (ECF No. 81, violation 2), and May 5, 2021, (ECF No. 88, Violations 4-5). With his consent, Defendant appeared by video from Kittitas County Jail and was represented by Ken Therrien and Elijah Marchbanks. Assistant United States Attorney Richard Burson represented the United States.

Defendant admitted to violations 1-2 and 4-5 of Defendant's conditions of pretrial release. The Court finds Defendant's admissions are knowing, voluntary, and intelligent.

ORDER FOLLOWING PRETRIAL RELEASE REVOCATION HEARING AND REVOKING DEFENDANT'S PRETRIAL RELEASE - 1

A defendant who violates a condition of pretrial release may have pretrial release revoked. 18 U.S.C. § 3148(a). The judicial officer shall enter an order of revocation and detention if the judicial officer:

>  **(1)** finds that there is:
>  >  **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>  >  **(B)** clear and convincing evidence that the person has violated any other condition of release; and
>
>  **(2)** finds that:
>  >  **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>  >  **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

*See* 18 U.S.C. § 3148(b). The alternative finding that Defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence. *See United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986).

Here, Defendant made admissions to the violations, satisfying the first prong of the analysis. As to the second prong, after considering the factors set forth in 18 U.S.C. § 3142(g) the Court finds no conditions can currently be crafted to reasonably assure Defendant's appearance at court and the safety of the community.

ORDER FOLLOWING PRETRIAL RELEASE REVOCATION HEARING AND REVOKING DEFENDANT'S PRETRIAL RELEASE - 2

Defendant's criminal history establishes he poses a danger to the community when using controlled substances. Given the fact that Defendant has been using controlled substances on a regular basis while on pretrial release, the Court simply cannot find that his continued release is appropriate. Defendant's counsel is working to secure Defendant a bed date an inpatient substance abuse treatment, but has been unable to secure such a bed date at this time. If defense counsel is able to secure a bed date, Defendant shall inform the Court so that a status conference can be set to consider whether his release to inpatient treatment is appropriate.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's conditions of pretrial release (**ECF No. 76**) are **REVOKED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED May 12, 2021

s/<i>Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE